UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MICHAEL TAYLOR,
   Plaintiff,

vs.                                                                 No. 07-1098

STEPHEN WRIGHT, et al.,
   Defendants.

## ORDER

     This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

     The plaintiff, Michael Taylor, filed his complaint pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Hill Correctional Center. The plaintiff has named twelve defendants including Warden Stephen Wright, Michael Chapin, Cornealious Sanders, Jack Durham, Sgt Locke, Officer Carothers, Officer Detheridge, Officer Shea, Officer Turnquest, Officers James Carothers, Sgt. Fredrickson, and Officer Joshua Hasten.

     The court conducted a merit review hearing on May 10, 2007 and the plaintiff participated by telephone conference call. The court reviewed each of the plaintiff's intended claims and was able to clearly identify the following allegations:

1) EXCESSIVE FORCE AND DENIAL OF MEDICAL CARE: The plaintiff says sometime around October 4, 2006, he asked for medical care, but Defendants Fredrickson and Turnquist told him to stop yelling and instead assaulted the plaintiff. The plaintiff has stated violations of his Eighth Amendment rights.

2) EXCESSIVE FORCE: The plaintiff says on March 20, 2007 he was being escorted to segregation when he began to question why he was going to this unit. Defendants Locke, Durham, Detheridge, Shea and Carothers assaulted the plaintiff. The plaintiff has stated violations of his Eighth Amendment rights.

3) EXCESSIVE FORCE AND DENIAL OF MEDICAL CARE: The plaintiff says on March 22, 2007, he asked Defendant Hasten for medical care for his injuries. Hasten denied his request and the plaintiff says the defendant then assaulted the plaintiff. The plaintiff has stated violations of his Eighth Amendment rights.

4) DUE PROCESS:   The plaintiff says he gave a grievance to Warden Wright, but the warden lost his grievance and he had to file another one.  The plaintiff alleges that the plaintiff's repeatedly lose his grievances or fail to respond to his grievances.   The plaintiff has failed to state a violation of his Fourteenth Amendment due process rights.  "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1995).  The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedure does not, of itself, violate the constitution. *Maust v Headley,* 959 F.2d 644, 648 (7th Cir. 1992).   The court notes that the plaintiff's allegation also fails to state a claim under the First Amendment for meaningful access to the courts. *see Lewis v. Casey,* 518 US. 343, 116 S. Ct. 2174, 2180 (1996)(an inmate alleging denial of access to the courts lacks even the standing to assert such a claim in the absence of actual injury).

5) DUE PROCESS.  The plaintiff says the defendants have violated his rights by refusing to allow him to continue his education in prison and refusing to allow him anger management counseling.  The plaintiff has failed to state a violation of his constitutional rights. *see Garze v Miller,* 688 F.2d 480, 485-86 (7th Cir. 1982)(prisoners have no constitutional rights to educational, rehabilitative or vocational programs.)

     The body of plaintiff's complaint makes reference to the specific allegations outlined above.  However, in the claims for relief, the plaintiff makes a vague claim concerning hearings before the Adjustment Committee.  When asking during the merit review hearing, the plaintiff said he was referring to several different instances in which the defendants claimed he refused to appear for a disciplinary hearing, but he was never told about the hearing.   The plaintiff's complaint did not provide proper notice of these claims.  The court instructed the plaintiff to provide the court with: 1) the date of the hearings 2) the defendants involved 3) the disciplinary offense and 4) the outcome.  The plaintiff was told he could simply provide copies of the Adjustment Committee's Final Reports if he preferred.  The plaintiff was also admonished that if he failed to provide this information, this claim would be dismissed.   The plaintiff has now responded to the court's order.

     The plaintiff says on March 28, 2007 and April 3, 2007 he was scheduled to appear before the Adjustment Committee, but he was never allowed to attend the meeting.  Defendant Chapin was the Adjustment Committee Chairperson on each occasion.   The plaintiff says at the first hearing, the committee found him guilty of several charges.   He received a change in grade status, time in segregation and a disciplinary transfer as a result.   During the second hearing, the plaintiff was also found guilty of several offenses and was given time in segregation and lost good time credits.

     To establish a procedural due process violation, a prisoner must demonstrate that the state deprived him of a liberty or property interest created either by state law or the Due Process Clause itself."  *DeWalt v. Young*, 224 F.3d 607, 613 (7th Cir. 2000)(citations omitted). *Already-earned* good time credit is a constitutionally protected interest, *Whitlock v. Johnson*, 153 F.3d 380, 385 (7th cir. 1988).  However, inmates have no constitutionally protected interest in avoiding transfer to a maximum security prison with more burdensome conditions. *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *see also Thomas v. Ramos*, 130 F.3d 754, 760 (7th Cir. 1997)(prisoner has no liberty interest in remaining in general population or avoiding transfer to

another prison). Likewise, the plaintiff has no protected interest in being classified as a certain grade, *Thomas*, 130 F.3d at 762 n. 8. Additionally, disciplinary segregation itself does not necessarily implicate the due process clause, if "such segregation does not impose an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472 (1995); *Wagner v. Hanks*, 128 F.3d 1173, 1176 (7th Cir. 1997).

The plaintiff has not established that Defendant Chapin violated his due process rights during the first hearing because there was no deprivation of a liberty or property interest. The plaintiff has alleged a due process violation during the second hearing. However, it is clear from the face of the plaintiff's complaint that he did not exhaust his administrative remedies as required for this claim.

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a).

The plaintiff alleges the hearing occurred on April 3, 2007. He filed this complaint on April 17, 2007. The plaintiff could not have exhausted his administrative remedies in this time frame. It is true that failure to exhaust is an affirmative defense. However, "when the existence of a valid affirmative defense is so plain from the face of the plaintiff," the prisoner's claim may be dismissed. *Walker v Thompson,* 288 F.3d 1005, 1010-11 (7th Cir. 2002); *see also Thomas v. Kalu,* 2007 WL 648312 at 2 (7th Cir. 2007). The court must dismiss the due process claim because it is clear the plaintiff did not exhaust his administrative remedies as required for this allegation before he filed this lawsuit.

Finally, for clarification of the record, the plaintiff has stated claims against the defendants in their individual capacities only. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). (Suits against state officers in their "official capacity" are suits against the state and thus cannot be brought under Section 1983. )

**IT IS THEREFORE ORDERED that:**

**1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims against the defendants in their individual capacities:**

> **a) Defendants Fredrickson and Turnquist violated the plaintiff's Eighth Amendment rights when they were deliberately indifferent to his serious medical needs on approximately October 4, 2006.**
>
> **b) Defendants Fredrickson and Turnquist violated the plaintiff's Eighth Amendment rights when they used excessive force against the plaintiff on approximately October 4,**

    **2006.**

    **c) Defendants Locke, Durham, Detheridge, Shea and Carothers violated the plaintiff's Eighth Amendment rights on March 20, 2007when they used excessive force.**

    **d) Defendant Hasten violated the plaintiff's Eighth Amendment rights on March 22, 2007 when he was deliberately indifferent to his serious medical needs.**

    **e) Defendant Hasten violated the plaintiff's Eighth Amendment rights on March 22, 2007 when he used excessive force.**

**2) All other claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A. The clerk of the court is directed to dismiss Defendants Wright, Chapin and Sanders since there are no surviving claims against these individuals.**

**3) This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**5) A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**6) The defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

    Entered this   26th   Day of June, 2007.

                                           s/Harold A. Baker
                             _____
                                       HAROLD A. BAKER
                              UNITED STATES DISTRICT JUDGE