UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MICHAEL TAYLOR,
   Plaintiff,

vs.                                                                                    No. 07-1098

STEPHEN WRIGHT, et al.,
   Defendants.

CASE MANAGEMENT ORDER

      This cause is before the court for consideration of the plaintiff's third motion to amend his complaint. [d/e 37]. The court will allow the motion, but the motion supercedes the plaintiff's previous motions. Therefore, the court will deny the plaintiff's second motion to amend his complaint [d/e 27], his motion to join parties based on his second amended complaint [d/e 35] and his motion to reinstate defendants dismissed in the court's previous merit review. [d/e 36]

      The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's third amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

      The plaintiff has filed his third amended complaint pursuant to 42 U.S.C. §1983 against 11 defendants at the Hill Correctional Center including: Warden Stephen Wright; Lieutenants Jack D. Durham and Livingson; Sergeant Fredrickson; and Correctional Officers Carothers, Deathridge, Shea, Turnquest, Joshua Hasten, Crum, and Moore.

      The plaintiff says on October 4, 2006, the plaintiff began screaming for help because he said he was experiencing chest pains. Defendant Fredrickson arrived and asked the plaintiff what the problem was. When the plaintiff responded, the officer told the plaintiff to cuff up. The plaintiff says he complied with the officer's order, but the officer entered his cell and began to yell at him. When the plaintiff complained, the officer slammed the plaintiff to the ground and began pulling and jerking on the plaintiff's handcuffs in a "manner to inflict pain and suffering.) (3rd Amend. Comp, p. 5). The plaintiff says Fredrickson then used his knee and kicked the plaintiff in his mid-section. The plaintiff has adequately alleged that Defendant Fredrickson violated his 8th Amendment rights.

      The plaintiff says later that same day, he reported the incident to Defendant Turnquest and asked for medical treatment. The officer denied his request. The plaintiff says he put his arm in the food slot and the defendant told the plaintiff to cuff up. The plaintiff says Turnquest then pulled his cuffs in a manner to cause pain to his hands and wrists and cuffed him to the food

1

slot and called a Major.   When the Major arrived, he observed the injuries and called a nurse to evaluate the plaintiff.   The plaintiff has adequately alleged an excessive force claim.  The plaintiff does not clearly state that he was suffering from a serious medical condition when Defendant Turnquest arrived, but for the purposes of notice pleading will also find that the plaintiff has alleged the defendant was deliberately indifferent to his serious medical need.

The plaintiff says on March 20, 2007, Defendants Locke and Dunham also used excessive force against the plaintiff when they pushed him to the ground and put a knee in his back and a hand over his jaw.   The plaintiff says Defendants Carothers, Deathridge and Shea also participated by hitting and kicking the plaintiff and banging his head on the concrete ground.  The plaintiff says he suffered several injuries to his head, legs, neck and back as a result.  The plaintiff alleges that he still suffers from some of these injuries.  The plaintiff has adequately alleged that the defendants used excessive force against him.

The plaintiff says he asked for medical treatment from Defendant Hasten on March 22, 2007.   Defendant Hasten said no, but told the plaintiff that he should fill out a medical request form.    The court notes the defendant did not refuse medical care to the plaintiff, he told the plaintiff he needed to follow proper procedures. The plaintiff then alleges that Defendant Hasten pulled his arms and slammed him to a table inflicting additional injuries.   The plaintiff has alleged that Defendant Hasten used excessive force against the plaintiff.  The plaintiff also claims the defendant failed to provide medical care after he injured the plaintiff.   The court will allow the plaintiff to proceed on this claim of deliberate indifference to a serious medical condition.

On April 22, 2007, the plaintiff states that Defendants Turnquest, Crum, Moore and Livingston used chemical agents against the plaintiff without provocation.   The plaintiff has attached several documents to his complaint that are relevant to this claim.  For instance, the plaintiff has provided a July 31, 2007 report from the Administrative Review Board considering three disciplinary tickets which were all written against the plaintiff all on April 22, 2007:

FIRST REPORT- The plaintiff found guilty of making threats to Officer Crum.    The discipline included a six month revocation of good time credits.
SECOND REPORT-- The plaintiff is found guilty of intimidation and threats, insolence and disobeying a direct order.  The report states that the plaintiff continued to threaten Officer Crum. Officers Turnquist, Moore and Crum returned and gave he plaintiff a direct order to cuff up for a cell shakedown.  The plaintiff and his cell mate refused three direct orders and continued to yell at the guards.   Lieutenant Livingston then administered chemical agents into the cell.  The inmates were taken to segregation showers and for medical treatment.
THIRD REPORT- This was a another disciplinary report written by Lieutenant Livingston pertaining to the plaintiff's threats and refusal to cuff up.  The plaintiff was also found guilty of the second and third disciplinary reports and lost three months of good time credits.

The Administrative Review Board reviewed the reports and took the plaintiff's statement,

but denied the plaintiff's appeal. The plaintiff has failed to state a claim upon which relief could be granted. "When a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgement in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). This holding has been extended to judgement in prison disciplinary proceedings. *Edwards v. Balisok*, 520 U.S. 641 (1997). The plaintiff must first seek to overturn the disciplinary findings before he can ask the court to consider his claims.

The plaintiff also says he is suing Defendant Wright in his official capacity for failure to train officers resulting in the continued use of excessive force against the plaintiff.

CONCLUSION

The plaintiff has adequately alleged the following claims in his Third Amended Complaint:

1) On October 4, 2006, Defendant Fredrickson used excessive force against the plaintiff and was deliberately indifferent to a serious medical condition.

2) On October 4, 2006, Defendant Turnquest used excessive force against the plaintiff and was deliberately indifferent to a serious medical condition.

3) On March 20, 2007, Defendants Locke, Dunham, Carothers, Deathridge and Shea used excessive force against the plaintiff and were deliberately indifferent to a serious medical condition.

4) On March 22, 2007, Defendant Hasten used excessive force against the plaintiff and was deliberately indifferent to a serious medical condition.

5) Defendant Wright failed to train correctional officers resulting in the continued use of excessive force against the plaintiff.

The plaintiff has failed to state a claim upon which relief can be granted for the April 22, 2007 incident and therefore has no surviving claims against Defendant Moore, Livingston and Crum. Defendants Durham, Locke, Carothers, Deathridge, Shea, Carothers, Fredrickson and Hasten are currently in the case. The only new claim and new defendant is the plaintiff's claim that Defendant Wright failed to train officers.

The court will reopen discovery for the limited purpose of allowing additional information concerning the one new claim. The court will also deny the pending dispositive motion with leave to renew.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's third motion to amend his complaint is granted. [d/e 37] The clerk of the court is directed to file the attached complaint.**

**2) The plaintiff's third motion to amend his complaint supercedes his previous motions. Therefore, the court will deny the plaintiff's second motion to amend his complaint [d/e 27], his motion to join parties based on his second complaint [d/e 35] and his motion to reinstate defendants dismissed in the court's first merit review. [d/e 36]**

**3) Pursuant to its merit review of the third amended complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims:**

>   **a) On October 4, 2006, Defendant Fredrickson used excessive force against the plaintiff and was deliberately indifferent to a serious medical condition.**
>
>   **b) On October 4, 2006, Defendant Turnquest used excessive force against the plaintiff and was deliberately indifferent to a serious medical condition.**
>
>   **c) On March 20, 2007, Defendants Locke, Dunham, Carothers, Deathridge and Shea used excessive force against the plaintiff and were deliberately indifferent to a serious medical condition.**
>
>   **d) On March 22, 2007, Defendant Hasten used excessive force against the plaintiff and was deliberately indifferent to a serious medical condition.**
>
>   **e) Defendant Wright failed to train correctional officers resulting in the continued use of excessive force against the plaintiff.**

**4)  All other claims based on federal law, other than those set forth in paragraph (3) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.**

**5)  This case shall proceed solely on those federal claims identified in paragraph (3) above. Any claims not set forth in paragraph (3) above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**6) The clerk of the court is directed to send a Notice of Lawsuit and Waiver of Service to Defendant Wright.  Defendant Wright must provide an answer to the claims outlined in this order.**

**7) The pending motion for summary judgement is denied with leave to renew. [d/e 41].  The plaintiff's motion for additional time to file a response is denied as moot. [d/e 44]**

**8) On its own motion, the court will extend the discovery period until January 30, 2009. Any additional discovery is limited to the additional claim against Defendant Wright. In addition, the parties must file any motions for summary judgment on or before February 20, 2009.**

Entered this 22nd Day of September, 2008.

s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE