UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MICHAEL TAYLOR,
    Plaintiff,

                                          07-1098

STEPHEN WRIGHT, et. al.,
    Defendants.

## CASE MANAGEMENT ORDER

       This cause is before the court for case management and consideration of the plaintiff's motion for reconsideration of his motion for appointment of counsel. [d/e 62] The plaintiff is asking the court to reconsider its denial of the plaintiff's motion for appointment of counsel approximately one year ago on September 19, 2008.

       The court notes that at this point in the litigation, the plaintiff has one surviving claim that Defendant Correctional Officers Locke, Dunham, Deathridge and Shea used excessive force against the plaintiff on March 20, 2007. [d/e 60].

       The plaintiff's latest motion states that he does not have the knowledge to litigate his claim, his imprisonment will hinder his ability to litigate, and his claims are complex. In considering the plaintiff's motion for appointment of counsel, the court asks: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993).[1]

       Applying this framework, the court notes the plaintiff has never demonstrated that he has made reasonable attempts to find his own counsel [d/e 2, 40, 62] despite the court's early warning that he must demonstrate this effort. *See* May 2, 2007 Text Order.

       Even if the plaintiff had made an attempt to hire counsel, the court notes that the plaintiff appears competent to represent himself based on his submissions to the court. In addition, the plaintiff's surviving claim of excessive force is not complex. The plaintiff is capable of telling his version of events and should have access to his own medical records to verify any injuries. The motion is denied. [d/e 62]

       The court notes that the defendants have now filed a supplemental motion for summary judgment addressing the final surviving claim. [d/e 61] The plaintiff has filed a response. [d/e 63]. However, since it might not have been clear that the defendant's motion was a motion for summary

---

[1] Whether appointed counsel would make a difference in the outcome is a question for the Seventh Circuit on review, as *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) has clarified.

judgement, the court will allow the plaintiff additional time if he wishes to file a further response.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion for reconsideration of his motion for appointment of counsel is denied. [d/e 62]**

**2) The defendants have filed a supplemental motion for summary judgment. [d/e 61]. The court will allow the plaintiff 21 days to file an additional response to this motion. Therefore, the plaintiff must file any further response on or before October 26, 2009.**

**3) The pretrial conference scheduled for October 23, 2009 is therefore canceled pending consideration of the motion for summary judgement.**

Entered this 5th Day of October, 2009.

           **s\Harold A. Baker**

           HAROLD A. BAKER
           UNITED STATES DISTRICT JUDGE